By the Court.

This appeal is brought before the Court on a statement of facts,, and is taken from the verdict of a jury and final judgment rendered thereon, by the Court below.
The only question in the cause to determine, is, whether or not the ship, mentioned in the policy of insurance, on which the action is founded, was sea-worthy at the time she left New-Orleans, on the voyage injured.
From the statement of facts, no doubt can remain of the plaintiffs in the District Court having proven sufficient to make it necessary for the defendants, to shew by proof on their part that the vessel was innavigable, or not sea-worthy, at the period of her departure from the port of New-Orleans.
Thi^ they have attempted to do ; but the only testimony produced by them is the report of persons who surveyed her in the Island of St, Thomas, where she was compelled to take refuge by stress of weather ; and from their survey and report, it is evident that she was, at the time of its taking place, unfit for sea ; and this, on account qf defects which probably existed at the moment of her commencing the voyage insured. However, this circumstance was certainly not made out to the satisfaction of the jury, who tried *395 the cause in the Court below, or their verdict . ought, according to principles of law, to have been given in favour of appellants; and it to be the duty and .within the power of this Court to re-examine and decide on matters of fact, which have been determined by the verdict of a jury (which is by no means clear) when considered in any other way than as they may be necessary to a just application of the principles of law in the correction of errors, or mistakes of it, by the inferior courts ; were it the business of the Supreme Court to weigh the evidence produced in every cause which comes before it, in the case now under consideration, we might and should perhaps doubt much as to the truth of the particular fact, or circumstance, on which alone depends the just and legal decision of the suit, viz: the navigable or innavigable state of the ship, at the time of her departure1 from New-Qrleans.
We have before us the testimony of several witnesses, which proves that she was fit for sea at that period; and this is opposed by nothing except the -report of the persons who surveyed her in the Island of St. Thomas ; it is true that the facts contained in that report, (and which by the consent of parties are to be considered as evidence in the case) are calculated to raise a violent presumption of the unsoundness of the ship at the commencement of the voyage : but they are not *396 by any additional evidence brought to bear on the J J _ & at which she sailed : This might have been done by witnesses skilled in the structure of ves-seis, and science of navigation, who could have statecj the importance of the timbers, found to be rotten, on the examination of the ship at St. Thomas : the probable / progress of rottenness, in pieces of wood of any given dimensions, in a certain length of time, might have been ascertained by persons acquainted with such subjects. No testimony of this kind having been offered to explain, the report, or apply it to the time of com-. -mencing the risque, the case cited by the counsel of the appellees, from Cranch, is strictly applicable to the present.
A variety of testimony, as it appears from the statement of facts, was offered to the jury who tried the cause in the Court below : we must presume that they weighed and discussed it as they ought to have done ; and under the existing circumstances of this case taken altogether, we are of opinion that this verdict and the judgment rendered thereon ought not to be disturbed.
It is, therefore, ordered and decreed that the judgment of the District Court be affirmed.